THE INHABITANTS OF DIXMONT *vs.* THE INHABITANTS OF BID-
DEFORD.

Supplies furnished to a woman as a pauper, without the knowledge of her husband,
she living apart from him,—are not supplies received by him, as a pauper, within
the meaning of *Stat.* 1821, *ch.* 122, *sec.* 2.

THIS was *assumpsit* for the support of *Celia Basford*, a pauper,
wife of *John Basford*, from *Jan.* 23, 1821, to *April* 2, 1822;—and
came before the Court upon exceptions taken by the defendants
to the opinion of *Smith J.* in the Court below.

At the trial in the Court of Common Pleas, the plaintiffs, to
prove the marriage of the pauper, offered a witness who was
present at the marriage about twenty years ago, and that it was
celebrated before one of two magistrates whom he named, but
he could not recollect which;—and that the parties afterwards
cohabited as man and wife, at least a dozen years, when the hus-
band abandoned her, and had since provided her nothing.

Another witness testified that *Basford* lived in *Biddeford* in
*March* 1821, and for years before, under the assumed name of
*John Byfield*.

Another witness being sent by the plaintiffs, called on the
assessors of *Biddeford*, and asked for a certified copy of their
assessments of taxes against *Byfield*, which they refused to give ;
but permitted the witness to take extracts from the books, shew-
ing the taxes assessed on his poll and estate in possession, which
was valued at more than two hundred dollars, from 1814 to 1820,
which he produced and verified on the trial.

The opinion of the Judge upon this evidence was that the
marriage was fully proved, and that the husband's settlement was
in *Biddeford*, and a verdict was returned for the plaintiffs ac-
cordingly.

*Mc Gaw*, in support of the exceptions.

The proof of the marriage ought not to have been received.
It was not the best evidence which the case would admit. The
witness not being able to recollect any thing distinctly respect-
ing it, the certificate of the officiating magistrate ought to have
been produced.

But if the marriage be proved, yet it does not appear that the husband ever gained a settlement in *Biddeford* by virtue of any law of *Massachusetts*, nor even that he *paid* taxes any *one* of the years of his residence there.

Nor did he acquire a settlement there under the particular provision of *Stat.* 1821, *ch.* 122, fixing the settlement of every citizen at the place where his domicil *then* was; because he was within the exception in the same clause, by having received supplies as a pauper within a year then next preceding. All the relief furnished by overseers of the poor, is upon the credit of *the town* in which the pauper had a settlement; and the town has a remedy over against the husband or other relative bound to support the person relieved. Wherever therefore the wife is thus assisted, it is virtually by the town where the husband is settled; —and being constructively assistance to him, he is brought within the exception in the statute.

*Brown*, for the plaintiffs,—being stopped by the Court from arguing as to the evidence of the marriage,—contended that the husband acquired a settlement in *Biddeford* under the *fifth* method pointed out in *Stat.* 1793, *ch.* 34, being taxed five years successively for an estate valued at more than sixty pounds. The evidence of this fact was the best the case would admit. The certificate of the town clerk would have been sufficient, but the means of obtaining it were withheld by the defendants themselves. But the evidence under oath of any other person to the truth of a copy which he has actually compared with the original, is of equal solemnity. *Buttrick v. Allen* 8 *Mass.* 273. Nor was it necessary that the taxes should appear to have been paid. *Westbrook v. Gorham* 15 *Mass.* 160.

But he also gained a settlement there by virtue of his residence in *Biddeford*, *March* 21, 1821, when the statute of this State was enacted. The supplies to his wife make no difference in the case. He had abandoned her for many years, was himself in possession of a decent estate, and had no knowledge of her situation. If relief administered in this manner to the wife or child of any man, brings him within the meaning of the word *pauper*, in the statute; then the most wealthy citizen may become such without

his knowledge, and himself may be liable to be sent to the alms-house, and his children to be bound as apprentices, under the other sections of the statute.

MELLEN, C. J. at the ensuing *August* term in *Oxford,* deliver-ed the opinion of the Court as follows.

The exception as to the testimony admitted to prove the mar-riage cannot be sustained. The witness saw the marriage solemnized; and as *one* or the *other* of the magistrates named, performed the ceremony, it is of no importance which. As to the *admission* and the *effect* of the evidence offered to prove a settlement by the assessment of taxes, it is unnecessary to ex-amine, or give any opinion, because we are satisfied that the husband of the pauper gained a settlement in *Biddeford,* by resid-ing and having his home in that town on the 21st of *March* 1821. His wife, the pauper, had for many years lived separate from him, and in a different part of the country; and therefore, though she received supplies from *Dixmont* during the year next preced-ing, still that did not prevent the *husband's* gaining the settlement in *Biddeford;* and there *she* has her settlement also. The reasons on which our opinion is founded, are stated at large in the case of *Green v. Buckfield* [*ante p.* 136,] to which we refer.

*Judgment affirmed.*